<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kevin KJONAAS,<br><br>       Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>       Respondent. | Civ. No. 12-1359<br><br>MEMORANDUM ORDER |

<u>THOMPSON, U.S.D.J.</u>

      Presently before the Court is a Petition for a writ of habeas corpus [docket # 1] filed by Petitioner Kevin Kjonaas brought pursuant to 28 U.S.C. § 2255. Respondent, the United States of America ("the Government"), opposes this Petition [7]. Kjonaas was convicted in 2006 after a three-week jury trial on six counts: one count of conspiracy to violate the Animal Enterprise Protection Act; one count of conspiring to engage in interstate stalking; three substantive counts of interstate stalking; and one count of conspiring to utilize a telecommunications device to annoy, abuse, threaten, or harass. *See* Judgment, *United States of America v. Kjonaas*, Crim. No. 04-373, docket no. 294. Petitioner was sentenced to a term of 72 months in prison and is currently serving a three-year term of supervised release. In the pending petition, Kjonaas argues that his convictions should be overturned and he should be granted a new trial based upon ineffective assistance of counsel and a violation of his right to testify on his own behalf. The Court assumes the parties' familiarity with the underlying facts of this case. For the following reasons, Kjonaas's Petition will be denied without an evidentiary hearing.

      A claim that a criminal defendant was denied effective assistance of counsel and a claim that a criminal defendant's counsel prevented him from testifying are both analyzed pursuant to

the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Palmer v. Hendricks*, 592 F.3d 386, 394, 397 (3d Cir. 2010). Under the *Strickland* test, a petitioner must first show that his or her constitutional rights were violated—i.e., that he or she was denied effective assistance of counsel or that he or she were not informed of his or her absolute right to testify— and a petitioner must next show that the constitutional deficiency prejudiced the defense. *Id.* at 394 (citations omitted). This second prong "requires a petitioner to show that the errors were 'sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). In other words, a petitioner "must show that there is a reasonable probability that, but for [the constitutional deficiency], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Because Petitioner has not adequately called into question his ability to prevail on the prejudice-prong of a *Stickland* analysis, his Petition must be denied.

Petitioner argues that the prejudice-prong of the *Strickland* analysis should be dispensed with in this case for two reasons. First, Petitioner argues that pursuant to Supreme Court of the United States decision in *United States v. Cronic*, 466 U.S. 648 (1984), prejudice need not be shown in this case because the actions of Petitioner's trial counsel were so antithetic to effective assistance that prejudice should be presumed. Second, Petitioner argues that the denial of the right to testify is a "structural error" that results in a presumption of prejudice. Each argument will be addressed in turn.

In *Cronic*, the Supreme Court stated "[t]here are . . . circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658. This can occur in cases where there is a complete denial of counsel, *id.* at 659, where "counsel fails to subject the prosecution's case to meaningful adversarial testing," *id.*, where counsel is called upon in circumstances where even highly competent counsel would be unable

to render effective assistance, *see Powell v. Alabama*, 287 U.S. 45 (1932), or where there exists an actual conflict of interest, *see Cuyler v. Sullivan*, 446 U.S. 335, 345 (1980). Petitioner argues that trial counsel failed to meaningfully test the prosecutor's case and that trial counsel had a conflict of interest. Both of these arguments fail. When the Court "spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002). As Petitioner readily admits, trial counsel did at least some level of minimal preparation, cross-examined witnesses, made an opening statement, and made a closing statement. (Pet'r's Br. at 13). "For purposes of distinguishing between the rule of *Strickland* and that of *Cronic*, this difference is not of degree but of kind." *Bell*, 535 U.S. at 697. In this case, Petitioner argues that trial counsel, although doing some minimal level of preparation and providing some assistance at trial, failed to live up to the standard expected of competent counsel. He therefore questions the degree of trial counsel's representation. Thus, this "narrow" *Cronic* exception to the prejudice requirement does not apply. *See Florida v. Nixon*, 543 U.S. 175, 190 (2004).[1]

Petitioner next argues that trial counsel had a conflict in that he was more concerned about the notoriety he would experience from his representation of Petitioner than in actually preparing the case and that this prevented him from admitting that he was incompetent to handle such a complex trial. Petitioner has cited to no rule of professional responsibility that would serve as a basis for establishing a conflict. Moreover, the Court agrees with the Government's assertion that to the extent trial counsel was more concerned about his notoriety for taking the case, his interest and that of Petitioner were perfectly aligned—both would want to have succeeded in the defense. Therefore, this limited exception does not apply, and Plaintiff has not

---

[1] Petitioner argues that "[t]his case presents a unique fact situation, in that the attorney was physically present, at times, but effectively abandoned his client first, in the pretrial stage, and then, at trial." (Pet'r's Reply Br. at 2). This, however, is not a unique fact situation, but rather it is a run-of-the-mill ineffective assistance of counsel claim under *Strickland*, despite how Petitioner attempts to frame it.

established that the prejudice-prong of a *Strickland* analysis should be dispensed with in this case.

Turning to Petitioner's next argument, there are certain situations in which a "structural error" so undermines a verdict that prejudice should be presumed. In *Palmer*, the Third Circuit specifically held that the denial of the right to testify was *not* such a structural error. *See Palmer*, 592 F.3d at 398. In the face of this, Petitioner relies on the dissenting opinion of a decision by the United States Court of Appeals for the Fifth Circuit. *See Wright v. Estelle*, 572 F.2d 1071, 1081–82 (5th Cir. 1977) (Godbold, J., dissenting). This Court is obviously not free to reject controlling Third Circuit precedent. Accordingly, Petitioner's second argument must be rejected.

Finally, it has been conclusively shown on "the motion and the files and records of the case" that Petitioner is unable to satisfy the second prong of *Strickland*. 28 U.S.C. § 2255. Petitioner argues that had he taken the stand in his own defense, this would have permitted him to place the Government's evidence into the context of his otherwise lawful activities and that he would have been the conduit through which other exculpatory evidence would have been admitted.

There are four somewhat particular claims of prejudice raised by Petitioner. First, Petitioner argues that he would have introduced evidence of his lawful activity. The Government, however, never disputed that Petitioner engaged in lawful protest activity. Moreover, all defendants in the underlying criminal case—who were acting pursuant to a joint defense agreement—would have had the same motivation as Kjonaas to introduce this type of evidence, but all other defense counsel apparently recognized that lawful protest activity was irrelevant or unhelpful in the context of Petitioner's case.

Second, Kjonaas argues that, had his trial counsel conducted a sufficient investigation, a witness would have emerged that could have testified that Kjonaas "had no role, knowledge, or

4

involvement with the animal rights demonstrations against Marsh and its employees in Texas." (Kjonaas Aff., ¶ 17).  It is well-established that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Further, the jury was presented with a videotape showing Kjonaas at the home of a Marsh employee, banging on her windows and shouting at her and her family.  In light of this evidence, the supposed existence of this witness and his or her testimony would likely not have changed the outcome of the trial.

Third, Petitioner argues that a reasonable investigation and/or his testimony could have revealed information showing that he did not place a phone call to the Chiron bomber.  Even assuming that Petitioner did not make this phone call, this would not have undermined the jury verdict.  More than sufficient circumstantial evidence existed to connect Petitioner with that conspiracy.  *See, e.g.*, Government Ex. 1249A (website stating that, according to the group responsible for the bombing, "the fight may be extended to the homes of Chiron employees" and containing a quote from Kjonaas that "[i]f [he] were HLS or Chiron, [he] would be very worried").  Further, this alleged exculpatory witness was not identified by any of the other counsel for the joint-defense, or if the witness had been identified, this witness was presumable not helpful.

Lastly, Petitioner claims that his testimony would have revealed the intent of his meeting with various executives at companies associated with HLS.  A mere assertion such as this, however, is insufficient to warrant an evidentiary hearing.  *Cf. Palmer*, 592 F.3d at 396 ("[T]he mere assertion of self-defense is not sufficient to raise a plausible showing of prejudice sufficient to warrant an evidentiary hearing.  If so, every defendant charged with homicide would make such an assertion.").  Assertions of what the Petitioner would have testified to "must be sufficiently detailed to be 'genuinely exculpatory.'" *Id.* (quoting *Owens v. United States*, 483

5

F.3d 48, 59 (1st Cir. 2007)). Further, a habeas petitioner has "the obligation to show his testimony would have been genuinely exculpatory as long *as it was not refuted by the existing record.*" *Id.* (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)) (emphasis added). Petitioner has not made this showing.

For all of these reasons, Petitioner has not established that he is entitled to a presumption of prejudice or that he is otherwise entitled to an evidentiary hearing on the issue of prejudice. Therefore, his Petition for a writ of habeas corpus must be denied.

Accordingly, it is on this 20th day of July, 2012,

ORDERED that Kevin Jonaas's Petition for a writ of habeas corpus [1] is DENIED; and it is

ORDERED that this case is CLOSED.

 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.